DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:             631.287.5520
Fax:            631.283.4735
e-Mail:     DavidLopezEsq@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH DONOGHUE,

    Plaintiff,

- against -

G1 THERAPEUTICS, INC.,

    Nominal Defendant,

-and –

MEDIMMUNE VENTURES, INC,

    Defendant.

COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 USC 78p(b)

Jury Trial Demanded

**DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief, except as to paragraph 2 which plaintiff alleges on personal knowledge.

<u>JURISDICTION:</u>

    1.    This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b),

1

and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES AND VENUE:**

2. Plaintiff is a security owner of G1 THERAPEUTICS, INC. ("G1"), a Delaware Corporation with principal offices at 79 T.W. Alexander Drive, 4501 Research Commons, Suite 100, Research Triangle Park, NC 27709.

3. At all times relevant the common stock of G1 was registered under Section 12(b) of the Act and was and is traded on the NASDAQ Exchange located within this district. One or more of the purchases or sales to be described took place upon such exchange.

4. The IPO purchase of shares was closed in New York City.

5. This action is brought in the right and for the benefit of G1 which is named as a party defendant solely in order to have all necessary parties before the court.

6. At all times relevant MEDIMMUNE VENTURES, INC. ("MEDIMMUNE") was and is an insider of G1, to wit: a more-than 10% beneficial owner of a class of equity security and thereby a fiduciary.

7. MEDIMMUNE maintains a principal place of business or is found at C/O G1 THERAPEUTICS, INC., 79 T.W. Alexander Drive, 4501 Research Commons, Suite 100, Research Triangle Park, NC 27709.

**STATUTORY REQUISITES:**

8. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

9. Demand for prosecution was made on Novembver 22, 2017.

10. By letter dated December 15, 2017, Megan N. Gates, Esq., acting on G1's behalf, stated that "the Company has elected not to take any action". A copy of that letter is appended at Exhibit 1.

11. Further delay in the filing of suit would be a futile gesture.

12. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

13. MEDIMMUNE sold 200,000 shares of the common stock of G1 on November 20, 2017.

14. MEDIMMUNE purchased 75,000 shares of the common stock of G1 in G1's IPO on May 22, 2017, at a lower price and within six months of the sales aforesaid.

15. The foregoing sales and purchase may be matched against one another using the "lowest-in, highest-out" method to produce profits recoverable from MEDIMMUNE. The amounts of such profits are unknown to Plaintiff but are estimated to approximate $450,000.00.

16. Such profits are recoverable on behalf G1 by Plaintiff as a shareholder of G1, the latter having refused to recover in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

17. This Second Claim For Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

18. MEDIMMUNE, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of G1, including but not limited to those described in the FIRST CLAIM FOR RELIEF, within periods of less than six months of each other while an insider and thereby a fiduciary of G1.

19. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider and fiduciary of G1, MEDIMMUNE realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of G1.

WHEREFORE, Plaintff demands judgment:

      a)     Requiring MEDIMMUNE to account for and to pay over to G1 the short-swing profits realized and retained by it in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

      b)     Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

      c)     Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:     Southampton, New York
             December 18, 2017

                                      Yours, etc.

                                      David Lopez, Esq.